[Civ. No. 20845.   First Dist., Div. Three.   June 21, 1963.]

ROBERT H. BAIRD, Plaintiff and Appellant, v. GILMORE-SKOUBYE STEEL CONTRACTORS, Defendant and Respondent.

Charles Reagh for Plaintiff and Appellant.

Hauerken, St. Clair, Zappettini & Hines and Edward J. McFetridge for Defendant and Respondent.

DEVINE, J.—Plaintiff, appellant, who was employed by Guy F. Atkinson Company, was injured when steel bars being hoisted by defendant Gilmore-Skoubye Company fell and struck him.   An adjuster for Gilmore-Skoubye Company's insurance carrier called on plaintiff and arranged a settlement of $140, which was paid.   A release was signed by appellant, which contains the words, written by the adjuster, "This release does not include Workmen's Compensation subrogation claim."   It was testified by appellant that this sentence was added to the release because he intended to keep his workmen's compensation claim against his employer, and that he understood that he was giving up any claim he might have had against Gilmore-Skoubye.

Plaintiff brought this action for damages for personal injuries against Gilmore-Skoubye, and defendant set up the release, among other defenses.   The workmen's compensation carrier for Guy F. Atkinson Company entered the case as

plaintiff in intervention. It is freely admitted by appellant that he received compensation for permanent disability, in amount $5,600, from this carrier, and that there is no evidence of deduction of the $140 or any other sum. Defendant moved for nonsuit against appellant, and the motion was granted. The trial continued, so far as the interest of the workmen's compensation carrier as intervenor was concerned, but a defense verdict was renderd.

Plaintiff appeals from judgment based on the nonsuit, contending that there was misrepresentation by way of either fraud or mistake by the adjuster in this, that the statement relating to workmen's compensation could not be true because the parties to the release could not contract away the right of the workmen's compensation carrier to deduct the $140. He argues that it is immaterial whether the carrier actually made any such deduction. He claims no other defect of the release.

Assuming that there was mistake or fraud, we find no showing of damage. Fraud without damage furnishes no ground for action, nor is fraud without damage a defense. (*Bernson* v. *Bowman*, 182 Cal.App.2d 697, 704 [6 Cal.Rptr. 455].) Therefore, the alleged fraud or mistake constitutes no replication to the defense of the release.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 14, 1963.